IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SMILEDIRECTCLUB, LLC, ) | |
| ) | Civil Action No.: 3:22-mc-00015 |
| Plaintiff, ) | District Judge Aleta A. Trauger |
| ) | |
| v. ) | |
| ) | |
| SELWYN SINGER, ) | |
| ) | |
| Defendant. ) | |

**SINGER'S MOTION FOR CLARIFICATION OR, ALTERNATIVELY,
FOR MODIFICATION OF ORDER REGARDING ALLOCATION
OF THE SPECIAL MASTER'S FEES AND COSTS**

Selwyn Singer ("Singer"), by and through undersigned counsel, seeks clarification or, alternatively for modification, of the Court's December 5, 2022 Order (Docket No. 32) ("Order") adopting the procedures and provisions of a prior order governing the Special Master's appointment in the underlying case of *Ciccio, et al. v. SmileDirectClub, LLC, et al.*, No. 3:19-cv-00845. Singer only seeks clarification or modification of the Order only with respect to any pre-determination that Singer shall be responsible for any Special Master fees or costs.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    **A. The Ciccio Action (to which Singer is not a Party) and SmileDirect's request to re-open class discovery on the narrow issue of class plaintiff solicitation.**

This matter involves a dispute over the scope of a recently-issued subpoena duces tecum for deposition that SmileDirect served on Singer in an underlying class action pending in this Court

---

[1] Undersigned Florida counsel for Singer filed a motion to appear *pro hac vice* that was only just granted on the afternoon of December 20, 2022 (Docket No. 34). Singer does not believe that a formal objection to the referral order is required because Singer does not object to having the Special Master resolve the merits of his objections to the subpoena. However, to the extent any formal limited objection is required to a predetermined allocation of the Special Master's fees and costs to Singer, this pleading should be considered an objection on that limited basis.

1

styled *Dr. Joseph Ciccio, et al. v. SmileDirectClub, LLC, et al.*, No. 3:19-cv-00845 (the "Ciccio Action"). Singer is not a party to the Ciccio Action. Singer is a Florida resident who provides paralegal and case investigation services to one of the attorneys for the class action plaintiffs, Richard Stone. The Singer subpoena was issued because of SmileDirect's motion to re-open class discovery in the Ciccio Action because SmileDirect believes that Singer had solicited a named class action plaintiff, Dr. Kapit, on behalf of attorney Stone, which, according to SmileDirect, bears on the adequacy of class counsel under Fed. R. Civ. P. 23(a) and 23(g) for the purposes of class certification. *See* SmileDirect Memo. (Ciccio Action Docket No. 367) at 4 ("Defendants seek information about PBIRG's and Singer's efforts to recruit Dr. Kapit and others to serve as named plaintiffs in this lawsuit. . . .") *and id.* at 5 (explaining the purported relevance of the discovery to class certification).

On September 15, 2022, the Special Master in the Ciccio Action entered an Order permitting issuance of a subpoena to Singer regarding Singer's alleged solicitation of Dr. Kapit. *See* Special Master Order (Ciccio Action Docket No. 382) at 1, 6-8. The Special Master noted that the subject of the requested discovery was "whether class members were solicited to serve as plaintiffs in this matter." *Id.* at 1. The Special Master had been appointed over a year earlier pursuant to an April 19, 2021, order in the Ciccio Action. *See* Ciccio Action Docket No. 168. That Order was based, in part, upon the consent of the parties. *See id.* at 1. At the time of this referral, no subpoena had been issued to Singer. Unlike the actual parties in the Ciccio Action, Singer did not consent (and could not have consented) to the appointment of a special master.

    **B.    Singer's limited objections to the subpoena and the proceedings in the Southern District of Florida.**

On October 5, 2022, Singer served counsel for SmileDirect with his objections to the subpoena. *See* **Exhibit A**. Singer did not object to providing documents related to alleged

2

solicitation of current or prospective plaintiffs in the Ciccio Action, and he has produced that information. Following conferral with opposing counsel, Singer was forced to maintain objections to the requests to the extent they were: (1) seeking the confidential and private financial information of Singer and others that have nothing to do with any alleged solicitation and that are protected from disclosure under Article I, Section 23 of the Florida Constitution's right to financial privacy; and (2) seeking information relating to the attorney-client communications and litigation strategy of the class plaintiffs' attorneys that have nothing to do with any alleged plaintiff solicitation. *See generally* Ex. A (Singer Objection).

SmileDirect initiated a proceeding in the Southern District of Florida seeking to overrule Singer's few remaining objections or, alternatively, to transfer the matter to this "issuing court" under Rule 45(f) of the Federal Rules of Civil Procedure. On November 8, 2022, the Florida Magistrate Judge entered an Order that did not address the merits of Singer's objections but instead transferred the matter to the Middle District of Tennessee (Docket No. 19).

### C. This Court's referral to the Special Master and SmileDirect's refusal to agree to payment of the Special Master fees.

Following the transfer of the Singer subpoena action from Florida, the Court referred this case to "Magistrate Judge Holmes and Special Master Samuel P. Funk for disposition." *See* 11/29/22 Order (Docket No. 30). On December 5, 2022, Magistrate Judge Holmes entered an order (Docket No. 32) providing that the "procedures and provisions governing the Special Master's appointment, duties, and rulings" set forth in the April 19, 2021 Order appointing the Special Master in the Ciccio Action would apply to this miscellaneous discovery proceeding. According to that earlier order in the Ciccio Action:

> The cost of the Special Master's compensation, as well as any reasonable expenses, will be split equally amongst the parties, subject to any reallocation by the Court.

*See* 4/19/21 Ciccio Action Order (Docket No. 168) ¶ 12 (attached as **Exhibit B**).

3

Singer has already produced all documents relating to the alleged solicitation of actual or potential class plaintiffs in the Ciccio Action. Yet, as described in more detail below, SmileDirect insists on continuing to litigate over matters unrelated to the solicitation issue. This includes matters already resolved by agreement of counsel and SmileDirect's insistence on the production of the documents reflecting the class plaintiffs' counsel's privileged investigation of claims against SmileDirect and litigation strategy – all of which have nothing to do with any alleged solicitation.

As such, Singer informed SmileDirect that he would agree to the Special Master without issue if SmileDirect agreed pay the costs of the Special Master. Singer noted that SmileDirect had previously agreed to do so in connection with a prior third-party discovery dispute with Align Technology arising out of the Ciccio Action. *See* **Exhibit C**: 8/4/21 Order at 3 (Docket No. 33 in *SmileDirectClub LLC v. Align Technology, Inc.*, no. 3:21-mc-00009 (M.D. Tenn.) ("As for Align's concern over allocation of costs, [SmileDirect] has conceded that, at least initially, it should be responsible for the costs of the Special Master's resolution of this dispute.").

SmileDirect has refused Singer's request, which has forced Singer to, out of an abundance of caution, seek clarification from the Court that Singer has not been already ordered to pay the Special Master's fees pursuant to the terms of the April 19, 2021 Order appointing Special Master in the Ciccio Action. *See* Ex. B ¶ 12. By filing this Motion, and regardless of its outcome, Singer does not waive his right to later petition for reallocation of Special Master fees pursuant to paragraph 12 of the April 19, 2021 Order in the Ciccio Action and Fed. R. Civ. P. 53(g).

## II. SINGER SHOULD NOT BE REQUIRED TO PAY SPECIAL MASTER FEES.

Singer must be given "notice and an opportunity to be heard" before a special master is appointed to resolve his objections to the SmileDirect subpoena. *See* Fed. R. Civ. P. 53(b). And "[i]n appointing a master, the court ***must*** consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." *Id.* 53(a)(3) (emphasis

added); *see also* Fed. R. Civ. P. 45(d)(1) (providing that a non-party like Singer should be protected from undue burden and expense in responding to a subpoena). The order in this case adopting the Ciccio Action order appointing the special master was entered without notice to Singer and before he had any opportunity to be heard.

Singer is aware that the Court has referred discovery matters in the Ciccio Action to the Special Master – and has now done so in this miscellaneous proceeding – to avoid the burdens involved in resolving discovery disputes. Singer does not want to add to the Court's burden, which is why he agrees that it would be fair for the Special Master to adjudicate Singer's objections, ***provided*** that Singer not be forced to share in the costs of Special Master.

As an initial matter, "Rule 53(g)(2)(A) permits the allocation of fees only to 'a party or parties.'" *SEC v. Yin*, no. 17-CV-972(JPO), 2021 WL 2138541 at *1 (S.D.N.Y. May 26, 2021) (*citing In re Intel Corp. Microprocessor Antitrust Litig*., 562 F. Supp. 2d 606, 610 (D. Del. 2008); Fed. R. Civ. P. 53(g)(2). Singer truly is not a "party" for the purpose of allocating costs under Rule 53 because he is a not a party to the underlying Ciccio Action in which discovery is sought. *See Yin*, 2021 WL 2138541 at *1; *In re Intel Corp.*, 562 F. Supp. 2d at 610 (finding the argument persuasive but resolving the case on another basis).

Moreover, Singer is an individual with limited means who would otherwise have free access to the courts. *See* Fed. R. Civ. P. 53(g)(3) (a court must consider "the parties' means" in allocating payment of a special master's fees). Singer is not a corporate entity like Align Technologies, which was relieved of the obligation to pay the Special Master's fees in a subpoena dispute with SmileDirect. *See* Ex. C. Equity and fairness require that Singer be treated at least as well as Align with respect to the burden of paying the Special Master's fees.

Indeed, Singer has proceeded in good faith to provide SmileDirect with the information

5

within the scope of the Special Master's discovery ruling while attempting to avoid all unnecessary litigation costs. Singer produced all documents relating to any alleged solicitation of actual or potential class plaintiffs in the Ciccio Action. *See* Ex. A (Singer Objection, Responses to Request Nos. 1, 2, 3, 5, and 6). Singer produced those documents on November 14, 2022. Singer is not withholding any information relating to solicitation of plaintiffs in the Ciccio Action.

Yet SmileDirect continues to insist that Singer produce documents reflecting his paralegal and investigative work for class plaintiffs' attorney Stone, even if it has nothing to do with the solicitation issue. SmileDirect has failed to explain how its opposing counsel's investigation and litigation strategy would ever be subject to discovery, let alone subject to the limited class discovery at issue here. Notably, Singer was under no obligation to provide a privilege log because the information is not "otherwise discoverable" under Fed. R. Civ. P. 26(b)(5)(a). But in an effort to avoid unnecessary and expensive litigation, Singer agreed to compromise. He incurred the extra time and attorneys' fees to have his counsel review documents and prepare and provide SmileDirect with a privilege log relating to his paralegal and investigative work in the Ciccio Action.

SmileDirect also insisted that Singer provide the amount of his compensation from a company called Palm Beach Investment Research Group ("PBIRG"), even though Singer has made clear in a sworn declaration that any communications he had with Dr. Kapit or in any way regarding plaintiff solicitation were on behalf of Mr. Stone in his capacity as an attorney for the class plaintiffs. Singer compromised once again, and he agreed with SmileDirect's counsel to provide such information from 2017 through the present. Despite this agreement, SmileDirect apparently wants to continue to litigate the matter with the Special Master.

When considering the allocation of special master fees, a court must consider "the extent to which any party is more responsible than other parties for the reference to the special master." Fed. R. Civ. P. 53(g)(3). SmileDirect is responsible for any further litigation with the Special Master. Singer has been ready, willing, and able to proceed with his deposition and give testimony regarding any alleged solicitation of the class plaintiffs in the Ciccio Action. However, by insisting on harassing and unnecessary litigation unrelated to class discovery in general or the class plaintiff solicitation issue in particular, SmileDirect has forced Singer to maintain his well-founded objections and has delayed his deposition, which, in turn, has delayed the class certification proceedings in the Ciccio Action. SmileDirect agreed to pay the Special Master fees for non-party corporate witness Align, but it has refused to do so with respect to Singer, who is an individual of far more limited means and who has already incurred significant time and expense in substantially complying with the subpoena. It thus appears that SmileDirect is most interested in subjecting Singer to significant financial pressure in hopes that he will be forced to disclose the class plaintiffs' non-discoverable attorney-client privileged and work product information.

As such, Singer is faced the prospect of paying an unknown and uncapped amount of Special Master fees even though he is not a party, and has without objection agreed to provide documents relating to the alleged solicitation of Ciccio Action plaintiffs, which is precisely the information that SmileDirect said it needed in petitioning the Special Master to re-open class discovery and issue the subpoena to Singer in the first place.

### III. CONCLUSION

For the foregoing reasons, Singer respectfully requests that the Court clarify or, alternatively, modify its Order of December 5, 2022 (Docket No. 32), in which it adopted the provisions and procedures of its prior order appointing a special master in the Ciccio Action, to

provide that Singer has not at this time been ordered to pay any of the fees and costs of the Special Master.

Respectfully submitted,

**MILLER & MARTIN PLLC**

/s/ Charles B. Lee
Charles B. Lee, BPR No. 011570
Suite 1200, Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 756-6600
Email: chuck.lee@millermartin.com

**ATHERTON, GALARDI, MULLEN & REEDER, PLLC**

/s/ Joseph G. Galardi
Joseph G. Galardi (admitted *pro hac vice*)
FL Bar No. 180572
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: (561) 293-2530
Email: jgalardi@athertonlg.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2022, a true and correct copy of this Motion for Clarification was filed electronically, together with all attachments and/or exhibits. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, which are as follows:

| | |
|---|---|
| Alan D. Lash<br>Lash & Goldberg LLP<br>100 SE 2nd Street, Suite 1200<br>Miami, FL 33131-2100<br>alash@lashgoldberg.com<br><br>Jonathan E. Siegelaub<br>Lash & Goldberg LLP<br>2500 Weston Road, Suite 220<br>Fort Lauderdale, FL 33331<br>jsiegelaub@lashgoldberg.com<br><br>Michael D. Meuti<br>Benesch, Friedlander, Coplan and Aronoff, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114<br>mmeuti@beneschlaw.com<br><br>Matthew J. Langley<br>Hannah M. Stowe<br>Benesch, Friedlander, Coplan and Aronoff, LLP<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>mlangley@beneschlaw.com<br>hstowe@beneschlaw.com | *With courtesy electronic copies to:*<br><br>Counsel of record in *Ciccio v. SmileDirectClub, LLC*, Case No. 3:19-cv-00845 (M.D. Tenn.); and<br><br>Samuel P. Funk<br>Sims Funk, PLC<br>3322 West End Avenue, Suite 200<br>Nashville, TN 37203<br>sfunk@simsfunk.com<br>*Special Master in Ciccio* |

                                                By:    /s/ Charles B. Lee