IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SMILEDIRECTCLUB, LLC, | ) |
| Plaintiff, | ) |
| | ) Civil No. 3:22-mc-00015 |
| v. | ) |
| | ) Judge Trauger/Magistrate Judge Holmes |
| SELWYN SINGER, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON
DISCOVERY DISPUTE**

Pending before the Special Master is a joint discovery dispute statement filed by SmileDirectClub, LLC ("SDC") and Selwyn Singer. (Doc. 47). On July 21, 2023, the parties appeared for a discovery dispute conference. At the end of the conference, the Special Master directed the parties to submit a joint discovery dispute statement on an expedited basis due to pending deadlines in the underlying matter, *Ciccio, et al. v. SmileDirectClub, LLC, et al.*, No. 3:19-cv-00845.

**BACKGROUND**

Familiarity with this matter is presumed. This dispute is a continuation of matters addressed in, among other places, the undersigned's prior Memorandum Order on SDC's Motion to Compel. (Doc. 43). The Special Master finds that additional briefing on the matter is not necessary given the arguments already made during the discovery dispute conference and in the joint discovery dispute statement.

**LEGAL STANDARD**

Parties may subpoena the production of documents from nonparties through Rule 45. Fed. R. Civ. P. 45(a)(1)–(3). If the nonparty objects, the serving party may, "[a]t any time, on notice to

1

the commanded person, . . . move the court for the district where compliance is required for an order compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i); *see* Fed. R. Civ. P. 37(a).

"The party moving to compel discovery bears the initial burden of proving the relevance of the information sought." *Creger v. Tucker*, 2022 WL 4474160, at *2 (M.D. Tenn. Sept. 26, 2022) (citing *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). Relevant evidence "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Id.* (quoting *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018)). As an overarching matter, Courts must be mindful to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

## ANALYSIS

The parties bring two issues before the Special Master. *First*, Mr. Singer has discovered four additional emails between himself and Richard Stone, an attorney for Provider Plaintiffs in the underlying matter, which Mr. Singer is withholding based on his assertion of the common-interest doctrine. *Second*, SDC seeks to compel Mr. Singer to produce any responsive documents in his possession at the time of his June 14, 2023 deposition that were not previously produced at the time of Mr. Singer's earlier production. Each issue is addressed in turn.

### I. Common-Interest Doctrine

Mr. Singer claims that the four emails to Mr. Stone discovered in a subsequent search are "totally irrelevant to class certification" and are covered by the common-interest privilege. (Doc. 47, PageID#285). Mr. Singer argues that the elements of the common-interest privilege are satisfied because: (1) the emails contain privileged communications between Mr. Singer and his prior attorney in this subpoena matter, Mr. Joseph Galardi; (2) Mr. Singer has "an identical legal interest" with Palm Beach Investment Research Group, Inc. ("PBIRG") in resisting discovery; and

2

(3) Mr. Singer's communications with Mr. Stone, who also serves as PBIRG's counsel, further the shared legal interest between Mr. Singer and PBIRG in resisting discovery. (*Id.*, PageID#285–87).

SDC contends that the common-interest privilege does not apply. (*Id.*, PageID# 283–85). SDC argues that: (1) Mr. Singer's deposition testimony contradicts the existence of any common-interest agreement with PBIRG; (2) there is no common interest between PBIRG and Mr. Singer because Mr. Singer distinguished his work with PBIRG from his claimed "paralegal" work on behalf of Mr. Stone in the underlying case; and (3) the communications are not otherwise privileged.

On balance, Mr. Singer has not articulated a valid basis to withhold the four documents from production. In the Special Master's Memorandum Order, (Doc. 43, 44), the undersigned declined to limit the scope of the subpoena to solicitation of possible plaintiffs. Mr. Singer has not meaningfully distinguished these communications with Mr. Stone from all other communications addressed in the Memorandum Order. Mr. Singer has not shown that the emails are "not relevant or [are] so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." *Bright v. Brookdale Senior Living, Inc.*, 2023 WL 3063380, at *3 (M.D. Tenn. Apr. 24, 2023) (quoting *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)).

Moreover, Mr. Singer has not met his burden regarding the common-interest doctrine. The common interest doctrine is not an independent basis for privilege itself, but is an exception to the waiver of attorney-client privilege through the voluntary disclosure of private communications by an individual or corporation to third parties. *Elvis Presley Enters., Inc. v. City of Memphis*, 2020 WL 4015476, at *7 (W.D. Tenn. July 16, 2020). Though communications between Mr. Singer

3

and Mr. Galardi's firm may come within the ambit of attorney-client privilege, "[n]either the existence of an attorney-client relationship nor the mere exchange of information with an attorney make out a presumptive claim." *Covey v. Colonial Pipeline Co.*, 336 F.R.D. 514, 519 (N.D. Ala. 2020) (citation omitted). The attorney-client privilege "applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice." *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) (quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986)).

The four emails contain forwarded documents from Mr. Galardi's firm to Mr. Singer on three matters: (1) Mr. Galardi's engagement letter, (2) Mr. Galardi's September invoice, and (3) Mr. Singer's public filings. Foundationally, the fact of representation and attorney fee arrangements are not themselves privileged. *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985). Still, communications with counsel may be privileged when those communications are "necessary to obtain legal advice." *In re Columbia*, 293 F.3d at 294. The Court has conducted an *in camera* review of the four emails at issue and finds that the emails and their attachments are not privileged because the contents do not contain communications necessary to obtain legal advice.

Even if the four emails were privileged, Mr. Singer has not established an identical legal interest between himself and PBIRG or that these communications furthered a shared legal interest. Rather, jointly "resisting . . . discovery" appears to be a reframing of the amorphous roles that Mr. Singer has claimed in the past, which have been rejected. Now that Mr. Singer cannot re-cast himself as a paralegal for Mr. Stone, Mr. Singer now looks to PBIRG to shield discovery. Once again, this claim is not persuasive. Moreover, even if a cognizable "identical legal interest" had

4

been established, Mr. Singer has not shown how these four emails further that interest.  Mr. Singer is directed to produce the four emails at issue on or before August 1, 2023.

II. **Production of Documents up to the Time of Mr. Singer's Deposition**

SDC contends that Mr. Singer "must produce all documents responsive to the subpoena that existed at the time of his deposition." (Doc. 47, PageID#287).  Mr. Singer's deposition, which was set for October 10, 2022 by subpoena, did not occur until June 14, 2023 due to substantial prior discovery disputes.  SDC argues that Federal Rule of Civil Procedure 45 and the face of the subpoena obligate Mr. Singer to produce all responsive documents in his possession as of June 14, 2023. (*Id.*, PageID#287–90).

Mr. Singer argues that he is under "no obligation to supplement his document production with after-acquired materials," regardless of SDC's instructions to do so. (*Id.*, Page ID#291–93).  Moreover, Mr. Singer contends that SDC's conduct amounts to waiver of the present request and if Mr. Singer must search for additional documents, he should be awarded his costs to do so. (*Id.*, PageID#293–94).

On balance, further searches are unwarranted.  Granted, the face of the subpoena is plain: "You, or your representatives, must also bring with you to the deposition the following documents . . .," referencing the exhibited list of documents requested. (Doc. 1-5, PageID#36).  Mr. Singer's deposition was delayed to June 14, 2023 due to discovery disputes, so the subpoena logically requires production of responsive documents existing on June 14, 2023.  But despite extensive negotiations between SDC and Mr. Singer, SDC apparently did not raise this issue before the deposition.  And SDC did not raise the issue during post-deposition negotiations for additional searches (which apparently located the four emails addressed above).

Foundationally, discovery is bound by proportionality.  Fed. R. Civ. P. 26(b)(1). Proportionality is based on "the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* And it is "well established that the scope of discovery is within the sound discretion of the trial court." *Bright*, 2023 WL 3063380, at *3 (quoting *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020)). In the underlying matter, SDC's response to the Motion for Class Certification is due on August 4, 2023, just two weeks after this discovery dispute came before the Special Master. (No. 3:19-cv-00845, Doc. 421, PageID#13580). The burden on Mr. Singer to conduct further searches, paired with the concomitant likelihood that SDC will insist on further briefing extensions in the underlying matter, far outweigh the likely benefit from additional discovery from Mr. Singer. While SDC may (theoretically) find itself in a better position to resist class certification following additional searches, it has not shown that these added searches are necessary for its defense. *See Bright*, 2023 WL 3063380, at *5.

## CONCLUSION

Accordingly, the SPECIAL MASTER:

1. **GRANTS** SDC's request to compel Mr. Singer to produce the four email communications;

2. **DENIES** SDC's request to compel Mr. Singer to perform additional searches from the date of production up to June 14, 2023;

3. **DIRECTS** the Clerk to terminate open docket entry flowing from No. 3:22-mc-00015, Docket Entry 47; and

4. **DIRECTS** the parties to file a motion to close the miscellaneous proceeding at the earliest possible date following production in accordance with the Court's prior Order (Doc. 44).

**IT IS SO ORDERED.**

ENTERED this 31st day of July 2023.

/s/Samuel P. Funk
Samuel P. Funk
Special Master

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on July 31, 2023, a true and correct copy of the foregoing document was served via the Court's ECF Filing System on counsel of record, as follows:

John R. Jacobson
Elizabeth O. Gonser
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rjfirm.com
egonser@rjfirm.com

Hannah M. Stowe
BENESCH, FRIEDLANDER, COPLAN &
    ARONOFF, LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
hstowe@beneschlaw.com

Michael D. Meuti
BENESCH, FRIEDLAND, COPLAN &
    ARONOFF, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
mmeuti@beneschlaw.com

Jonathan E. Siegelaub
LASH & GOLDBERG LLP
2500 Weston Road, Suite 220
Fort Lauderdale, FL 33331
jsiegelaub@lashgoldberg.com

Alan D. Lash
LASH & GOLDBERG LLP
100 SE 2nd Street, Suite 1200
Miami, FL 33131
alash@lashgoldberg.com

*Counsel for SmileDirectClub, LLC*

Sean C. Wlodarczyk
EVANS, JONES & REYNOLDS
401 Commerce St., Ste. 710
Nashville, TN 37219
Swlodarczyk@ejrlaw.com

Joseph George Galardi
ATHERTON GALARDI MULLEN & REEDER PLLC
1641 Worthington Rd, Suite 100
West Palm Beach, FL 33409
jgalardi@athertonlg.com

Charles B. Lee
MILLER & MARTIN PLLC
Volunteer Building
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
clee@millermartin.com

*Counsel for Selwyn Singer*


*With courtesy electronic copies to:*
Counsel of record in
*Ciccio v. SmileDirectClub, LLC*,
Case No. 3:19-cv-00845 (M.D. Tenn.)

                                            /s/Samuel P. Funk

8

4868-9556-3522 v.1ac-00015    Document 49    Filed 07/31/23    Page 8 of 8 PageID #: 318