IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SMILEDIRECTCLUB LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:22-mc-00015 |
| v. | ) Judge Trauger |
| | ) Magistrate Judge Holmes |
| SELWYN SINGER, | ) |
| Defendant. | ) |

**SELWYN SINGER'S REPLY IN SUPPORT OF HIS MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE, AND FOR A STAY OF THE PROCEEDINGS WHILE THE COURT RULES UPON THIS MOTION**

SmileDirectClub, LLC's (SDC's) Response provides no legitimate basis for this Court to conclude that this matter is not subject to the automatic stay. Rather, the Response:

1. Shows that what SDC really wants is to "continue" its defense of *Ciccio* by taking new discovery of Mr. Singer.

2. Relies upon insinuations and accusations directed at Mr. Singer that have nothing to do with the instant Motion before the Court.

3. Relies upon case law that is not applicable, and not analogous, to the circumstances before the Court.

Accordingly, Mr. Singer's motion should be granted.

**BACKGROUND AND PERTINENT FACTS**

SDC's Response contains unsupported inflammatory allegations that are intended to create the impression that Mr. Singer illegitimately resisted the subpoena issued to him. Regrettably, this type of drafting is typical of SDC. In fact, the Court previously warned the parties that "hyperbolic and accusatory statements [are] not helpful to the Court" and advised that the parties should "moderate their rhetoric in future briefings." (ECF 56, at Fn. 5).

Mr. Singer will, accordingly, refrain from responding in kind to SDC's unfounded assertions that Mr. Singer's "deposition testimony was false," or that he "attempted to avoid compliance," that this "matter was not resolved and Singer knew it," or any of the other hyperbolic statements included in SDC's Response. (ECF 61, at Pg. 5). Rather, Mr. Singer merely notes that the Court, via its special master, sustained some of his objections to the subpoena, overruled others, and that he has produced *every document* which he was ordered to produce. (*See, e.g.,* ECF 43 and 49). To the extent SDC asserts that discovery is still owed under the subpoena, Mr. Singer disagrees, and notes that SDC cannot (and has not) pointed to any document identified in the subpoena that Mr. Singer did not produce, and for which an objection was not sustained.

Now, as for the *pertinent* facts, Mr. Singer points out the following: <u>*First:*</u> the miscellaneous matter before the Court bearing docket number 3:22-mc-00015 is a motion to enforce a *Ciccio* subpoena. (ECF 1). <u>*Second*</u>: Mr. Singer provided all of the materials ordered to be produced pursuant to that subpoena. (*See,* ECF 49, and ECF 52-1). <u>*Third:*</u> what SDC now wants is *new discovery outside the scope of the original subpoena.* (*See,* ECF 54-3; *See also,* ECF 58, at ¶ 2-3; in which SDC explicitly asks for "further discovery").

**ARGUMENT**

**I.  SDC's Response confuses what is, and what is not, part of the instant matter before the Court.**

The breadth of what is at issue in this "miscellaneous proceeding" is much narrower that SDC's Response indicates. The miscellaneous proceeding filed with this Court is only a motion to enforce a subpoena. (ECF 1). That subpoena was issued in *Ciccio,* which is currently stayed. (*See,* 3:19-cv-00845, Docket Entry No. 463). The motion to enforce has a defined limit: the contents of the subpoena itself. However, SDC's Response and prior filings demonstrate that what SDC now

wants is not enforcement of the existing subpoena (which has already occurred), but rather, new *Ciccio* discovery—despite *Ciccio* being stayed.

The fact that SDC desire to take discovery beyond the bounds of the existing subpoena is evident from SDC's filings. (*See*, ECF 58, at ¶ 2-3; asking for "further discovery from Singer"; *See also,* ECF 61, asserting that Mr. Singer is "fighting the <u>additional</u> discovery"; *See further* ECF 54-3, identifying new items SDC wishes to obtain). A simple comparison of the materials originally subpoenaed and what SDC wants to include in new discovery, show as much. (*Compare*, ECF 1-5 with ECF 54-3). For example, SDC now wants to obtain documents that did not exist at the time of the original subpoena, such as "The final, signed engagement letter between Mr. Singer and his current counsel in this matter, Mr. Wlodarczyk."[1] (ECF 54-3). Clearly, SDC wants to use such discovery to "continue" its *Ciccio* defense.[2] 11 U.S.C. § 362.

That said, *Ciccio,* is stayed with respect to SDC—and with it, any attempt to "continue" the case by taking new discovery is stayed as well. (*See,* 3:19-cv-00845, Docket Entry No. 463). After all, "a debtor may not unilaterally waive the protections of the stay, even if it is to continue litigation… involving it." <u>In re Ace Track Co., Ltd.</u>, 556 B.R. 887, 906 (Bankr. N.D. Ill. 2016).

Thus, *first things first*: the only matter that is before the Court and which is not presently stayed (due to the Magistrate Judge's Order) is the enforcement of the existing subpoena. All else is stayed, including any request for new discovery from Mr. Singer. Thus, for purposes of this Motion, the Court need only to determine whether the existing subpoena enforcement proceeding is subject to the stay. All else has already been determined, whether SDC recognizes it or not.

---

[1] Mr. Singer and undersigned counsel find SDC's attempt to take such discovery as being unwarranted, invasive, and unnecessary. Nothing involving current counsel has anything to do with class certification, which is what SDC wished to investigate by way of its subpoena to Mr. Singer.

[2] Whatever SDC's goals may be in doing so are of no concern to Mr. Singer at this juncture. He wishes to be left out of the fight between Plaintiffs and Defendants, and finds it contradictory that SDC would simultaneously embrace the stay for purposes of avoiding liability, but still attempt to take discovery of Mr. Singer in the same case.

3

## II. SDC's case law does not support its position.

Turning to the cases that SDC cited in its response, those cases do not help SDC's position. Indeed, the cases cited by SDC for the proposition that this proceeding is not subject to the stay universally (a) say something different than SDC claims, or (b) are factually inapplicable here.

Emblematic of this situation is the incorrect manner in which SDC cites and quotes Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir. 1983). SDC cites this case for the proposition that "The automatic stay cannot 'be invoked in a manner which would advance the interests of some third party.'" (ECF 61, at Pg. 9). However, the holding in *Lynch* is far narrower than SDC's Response portrays it. In *Lynch,* the co-defendants of the bankrupt debtor tried to invoke the automatic stay to protect themselves from actions filed by the plaintiffs. Because those co-defendants were not bankrupt themselves, the Court of Appeals held there was "no basis in law or equity for staying proceedings of the solvent co-defendants…." Lynch, 710 F.2d at 1199 (1983). Thus, the "third parties" language SDC quotes in its briefing addresses third parties of a much different nature than what is before the Court. Lynch, 710 F.2d at 1197 (1983)("Nothing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as the debtor's co-defendants, rather than the debtor or its creditors. This Court concurs with the district court's conclusion that "it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor" and creditors thereof"). Accordingly, *Lynch* does not hold that the instant proceeding is not subject to the stay. It just stands for the proposition that a solvent co-defendant cannot hide behind the stay to avoid its own liability.

SDC's Response repeatedly suffers from citation errors like what is highlighted above. For example, SDC cites In re Barsky, 11 B.R. 478 (Bankr. E.D. Pa. 1981) as holding that a subpoena

"did not violate the automatic stay because it was not a subpoena against the debtor." (ECF 61 at Pg. 10). But, what SDC left out is that there was no proceeding pending between the subpoenaing government agency and the debtor, and thus nothing to stay. In fact, the subpoena was part of an investigation, not a proceeding. In re Barsky, 11 B.R. at 480 (1981) ("Nor is the Court certain that the action taken by the Department is a commencement or continuation of a proceeding. The tax investigation being conducted by the Department is not now before us. The issuance of subpoenas on the accountants does not, in our view, bring § 362(a)(1) into play"). Thus, all *In re Barsky* holds is that an investigation is not a "proceeding" against the debtor, and that subpoenas to third parties in such investigations do not violate the stay. This is what this Court confronts here.

Similarly, SDC cites Const. Bank v. Levine, 151 F.R.D. 278 (E.D. Pa. 1993) as holding that a subpoena to a debtor's bank "did not violate the bankruptcy stay because it was not an action against the debtor." (ECF 61, Pg. 10). But, SDC failed to note that the subpoena was *for records relevant to other Defendants who were not in bankruptcy,* and thus did not continue or commence a proceeding against the debtor. Const. Bank, 151 F.R.D. at 280 (1993) ("plaintiff asserted that the documents sought from the non-parties were relevant to its racketeering case against all defendants and that obtaining records from those entities did not constitute an action against Paletta. After reviewing both parties' submissions, I agree with plaintiff"). Again, there is a gulf between SDC's argument and the actual contents of its cited cases.[3]

In summary, the cases quoted by SDC do not support SDC's argument. In contrast to the facts of those cases, here there is no genuine dispute that the subpoena served upon Mr. Singer is

---

[3] SDC also cited an unreported state trial court decision from New York. (ECF 61, at Pg. 12). SDC, however, failed to provide a copy of the same with its filing. Under Local Rule 7.01(d)(5), "If a cited authority is not available in any reporter or legal research database, a copy of the decision, order, statute, regulation, or other cited authority must be appended as an exhibit to the memorandum of law." Accordingly, that decision—whatever its contents may be—should not be considered by the Court. And, in any event, a state level trial court decision from New York is not controlling authority in this Court.

part of the *Ciccio* litigation brought against SDC. It says as much on the face of the subpoena. And, the only purpose for further enforcement—or further related discovery—would be to aid SDC in defending itself from the allegations brought against it in *Ciccio*. Thus, any further action in this proceeding would amount to a "continuation" of *Ciccio*, and is prohibited by the automatic stay. 11 U.S.C. § 362.

## CONCLUSION

Because *Ciccio* is an action against the debtor (SDC) it is automatically stayed. So too is the enforcement of any subpoena issued by SDC in it. Respectfully, the Magistrate's order stating otherwise was incorrect, and should be reversed.

Respectfully submitted,

*/s/ Sean C. Wlodarczyk*
Sean C. Wlodarczyk (#30410)
EVANS, JONES & REYNOLDS
401 Commerce St. Ste. 710
Nashville, TN 37219
Swlodarczyk@ejrlaw.com
P: (615) 259-4685
*Counsel for Selwyn Singer*

**CERTFICATE OF SERVICE**

        I hereby certify that, on this date a true and correct copy of the foregoing document has been served via the Court's ECF Filing System on the following:

John R. Jacobson
Elizabeth O. Gonser
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rjfirm.com
egonser@rjfirm.com

Matthew J. Langley
Hannah Stowe
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF, LLP
71 South Wacker Dr. Ste. 1600
Chicago, IL 60606
mlangley@beneschlaw.com
hstowe@beneschlaw.com

Michael D. Meuti
BENESCH, FRIEDLAND,
COPLAN & ARONOFF, LLP
200 Public Square Ste. 2300
Cleveland, OH 44114
mmeuti@beneschlaw.com

Jonathan E. Siegelaub
LASH & GOLDBERG, LLP
2500 Weston Rd. Ste. 220
Fort Lauderdale, FL 33331
jsiegelaub@lashgoldberg.com

Alan D. Lash
LASH & GOLDBERG, LLP
100 SE 2nd St. Ste. 1200
Miami, FL 33131
alash@lashgoldberg.com

*Counsel for SmileDirectClub, LLC*

This 24th day of November, 2023

*/s/ Sean C. Wlodarczyk*
Sean C. Wlodarczyk, Esq.